# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL STATEN and ISLAND ENTERPRISES, INC., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   No. 04-CV-504 GKF/SAJ |
| DELAWARE COUNTY, et.al., | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Comes on for determination Defendants' Delaware County, Bruce Poindexter, Individually, and in his official capacity, Tom May, David Anderson, David Crutchfield, Hal Tompkins, Glen Tucker, Richard Seybolt, Rick Littlefield, Breakers, L.L.C., Lee Jeffery and Grand Area Planning Association, Joint Motion For An Emergency Protective Order [Dkt. #270], and the Court, having considered the argument and authorities submitted by the parties in their submissions and at hearing held on March 23, 2007, finds the Motion shall be denied.

This matter first came before the Court on March 16, 2007, when Defendants' requested an expedited telephone conference as part of the pending motion. Defendants sought a protective order striking depositions noticed for the following week by Plaintiffs. The Court entered a temporary stay of all discovery by minute order following the telephone conference pending hearing on the merits, which was combined with a previously scheduled hearing on Plaintiffs' Motions to Compel [Dkt. #'s 257, 258, 260, 261].

1

On March 22, 2007, Plaintiffs filed a Notice of Discovery Resolution as to Defendants Delaware County and Bruce Poindexter and Withdrawal of Motion to Compel. This resolved the issues relating to Dkt. #'s 257 and 261 but left for hearing Dkt. #'s 258 and 260, which will be addressed by separate order.

Defendants seek an order from this Court staying all discovery pending ruling by the District Judge Gregory K. Frizzell on their Motion to Stay the case until District Judge Claire V. Eagan has held a trial and entered a Judgment in *Peters [ne Mineta] v. Delaware County, et al.*, 05-CV-297-CVE/PJC ("*Peters*"). Defendants urge many of the issues and parties are the same or represent the same or substantially similar interests and the central issue of who has the right to develop the property in question will have been decided. Defendants urge issue preclusion will apply to other issues as well. Defendants assert resolution of the case before Judge Eagan will limit discovery in this case or make it unnecessary. Defendants further assert that allowing discovery to proceed in this case would violate Fed.R. Civ.P. 1, which calls for " the just, speedy, and inexpensive" resolution of cases.

The Court is familiar with the issues in *Peters* and has reviewed the orders previously entered in the case and the issues remaining for determination. Judge Eagan allowed the FAA to proceed to foreclose those interests/entities which claim some right or title to the airport property, concluding that any conveyance required FAA approval, which was never properly given. Judge Eagan allowed the case to go forward for the purpose of seeking equitable relief against any person in violation of any grant assurance and to enjoin any person from further violation of any provision of federal statutes governing airport property. Judge Eagan found the FAA has the right to come into court to protect the

2

$630,000.00 grant issued to Monkey Island Development Authority ("MIDA") and Delaware County which was funded to acquire the land for the airport. Judge Eagan found that MIDA, by default, breached the grant agreement by leasing and/or selling the airport property to Stanton. The Court also determined that Delaware County is liable for MIDA's breach of the grant agreement. Judge Eagan granted summary judgment to FAA on the issue of liability, specifically reserving the issue of money damages to be paid to FAA.

By amended Complaint filed on March 12, 2007, FAA requests an order be entered by the Court for a return of the grant money to the United States, plus any money damages, including attorneys fees and costs, if any airport property is or has been transferred. The same relief is alternatively sought if equitable relief is incomplete, impractical or otherwise not available,

Judge Eagan entered a scheduling order setting a trial date of August 20, 2007. Although a deposition designation date is included, the Court did not provide a discovery schedule. Defendants in the case at bar assert this omission indicates no further discovery will be pursued in that case. Plaintiffs' counsel, however, disagree and assert there will be discovery in that case.

The Plaintiffs in this action seek damages against the named Defendants pursuant to the Racketeer Influenced Corrupt Organization Act, "RICO," 18 U.S.C.§ 1961, *et. seq.,* and various other state and federal tort actions. Plaintiffs are named defendants in the *Peters* case. However, only three defendants are common to both actions.

As Plaintiffs noted in their response brief, stays of discovery are at times granted if there is (a) dispositive motion pending which will resolve the entire case or (b) a parallel criminal case. In *Moore's Federal Practice*, §26.105 [3][c] states:

> The mere filing of a dispositive motion does not warrant the stay of discovery. Rather, a stay of discovery is appropriate when the motion appears to have substantial grounds, or, stated another way, does not "appear to be without foundation in law." A determination of whether to stay discovery must be made on a case-by-case basis. . ..
>
> . . .
>
> Discovery should be stayed pending outcome of a summary judgment motion only if: (1) the pending motion is potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought; and (2) the pending motion can be decided without additional discovery. On the other hand, it "is particularly appropriate" to deny the protective order if a stay could preclude either party from fully preparing for the pending motion."

In *Nichols v. Baptist Memorial Hospital*, No. 02-2561 MaV, 2004 U.S.Dist. LEXIS 29221 ( W.D. Tn.), Magistrate Judge Vescovo explained:

> Nevertheless, a stay of discovery is not proper in every circumstance. For example, a stay of discovery is "rarely appropriate when the pending motion will not dispose of the entire case." Chavous, 201 F.R.D. at 3 (quoting Keystone Coke Co. V. Pasquale, 1999 U.S. Dist. LEXIS 170, No. Civ. A. 97-6074, 1999 WL 46622, at *1 (E.D. Pa. Jan 7, 1999)).  A trial court also "should not stay discovery which is necessary to gather facts in order to defend against [a] motion [to dismiss]." *Id.* (quoting *Feldman v. Flood,* 176 F.D.R. 651, 652, (M.D. Fla. 1997)). Furthermore, a trial court must consider whether the party seeking discovery [*7] will be prejudiced by the delay. See 1999 U.S. Dist. LEXIS 170 at *3-4; Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)(finding that a stay of discovery was proper where plaintiff failed to demonstrate prejudice by a stay).

There is no dispositive motion pending in this case which could resolve the entire case. Further, the issues in the *Peters* case will not totally dispose of the issues in the case at bar, although some issues may be narrowed. Plaintiffs could, therefore, be prejudiced in pursuing any issues not resolved by *Peters.* The Court therefore finds Defendants have failed to establish grounds sufficient to justify a stay of discovery pending ruling by the District Court on Defendants' motion to stay the case in its entirety.

IT IS THEREFORE ORDERED THAT Defendants' Delaware County, Bruce

Poindexter, Individually, and in his official capacity, Tom May, David Anderson, David Crutchfield, Hal Tompkins, Glen Tucker, Richard Seybolt, Rick Littlefield, Breakers, L.L.C., Lee Jeffery and Grand Area Planning Association, Joint Motion For An Emergency Protective Order [Dkt. #270], seeking a stay of discovery pending ruling by the District Court on the motion to stay the entire proceedings is denied.

DATED THIS 20th DAY OF April , 2007.

Sam A. Joyner
United States Magistrate Judge