# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PAUL STATEN and ISLAND ENTERPRISES, INC., )<br><br>Plaintiffs, )<br><br>vs. )<br><br>BOARD OF COUNTY COMMISSIONERS OF ) COUNTY OF DELAWARE, a political ) subdivision of the State of Oklahoma, et al., )<br><br>Defendants. ) | Case No. 04-CV-504-GKF-SAJ |

## OPINION AND ORDER

This matter comes before the Court on the motion of defendants Hal Tompkins ("Tompkins"), Glen Tucker ("Tucker") and Breakers, LLC ("Breakers"), to dismiss plaintiffs' Section 1962(a) RICO claims. [Docket No. 335]. At a hearing held June 22, 2007, the court granted defendants' previous motion to dismiss the § 1962(a) claims, but granted plaintiffs leave to re-plead them. Plaintiffs re-pled their § 1962(a) RICO claims in an Amendment to Second Amended Complaint [Docket No. 318]. Movants Tompkins, Tucker and Breakers argue that plaintiffs have failed to state a claim upon which relief can be granted under § 1962(a).

In *Bell Atlantic v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007), the United States Supreme Court prescribed a new inquiry for federal courts to use in assessing a motion to dismiss for failure to state a claim upon which relief can be granted – whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" in order to survive a motion to dismiss. The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the

pleaded claims is insufficient; the complaint must give the court reason to believe that *these* plaintiffs have a reasonable likelihood of mustering factual support for *these* claims. *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007).

Section 1962(a) states in pertinent part:

> (a) It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

18 U.S.C. § 1962(a). The purpose of section 1962(a) is to prevent a person from receiving income from a pattern of racketeering activity and then using that income in the operation of a legitimate enterprise engaged in commerce. *Sadighi v. Daghighfekr*, 36 F. Supp. 2d 279, 286 (D. S.C. 1999). The statutory subsection constitutes a prohibition against investment of "dirty money." Note, *Investing Dirty Money: Section 1962(a) of the Organized Crime Control Act of 1970,* 83 Yale L.J. 1491 (1974).

To recover for a violation of section 1962(a), a plaintiff must show (1) that defendants received income from a pattern of racketeering activity; (2) that they invested that income in the acquisition, establishment or operation of an enterprise distinct from the one from which the income was derived; and (3) that plaintiffs suffered an injury flowing from this investment of racketeering income distinct from any injury stemming from the original predicate acts of racketeering activity. *Lugosh v. Congel*, 443 F. Supp. 2d 254, 270 (N.D.N.Y. 2006); *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir. 1989).

Movants first argue that plaintiffs fail to sufficiently allege "income" received from a pattern of racketeering activity. In ¶ 241 (d) of their Amendment to Second Amended Complaint,

plaintiffs allege that

> Defendants Tompkins and Tucker directly or indirectly received income from the pattern of racketeering activity as alleged in paragraph 236[1] in the form of boat slip rents and/or boat slip condominium purchases which could be rented and/or sold because their racketeering activity blocked the construction and completion of the marina at the Grand Lake Regional Airport.

[Docket No. 318 at 6]. In other words, plaintiffs allege that Tompkins' and Tucker's racketeering activity, by which defendants blocked the construction and completion of plaintiffs' proposed marina, indirectly generated income to Tompkins and Tucker in the form of boat slip rentals and/or boat slip condominium purchases at defendants' existing marina due to reduced competition. In ¶ 241 (f) of the Amendment to Second Amended Complaint, plaintiffs allege that defendant Breakers, LLC

> received income, directly or indirectly, from the pattern of racketeering activity described in paragraph 236 as a result of payments made to it, and for it, by defendants Tucker and Tomkins, said payments being the result of profits obtained through such racketeering activity as alleged in paragraph 241(d).

[Docket No. 318 at 7]. In other words, plaintiffs allege that the Breakers, LLC received income in the form of payments made to it and for it by Tompkins and Tucker, who had indirectly received income in the form of boat slip rentals and/or boat slip condominium purchases at their existing marina because defendants' alleged racketeering activity blocked the construction and completion of the proposed marina. Plaintiffs allege no facts indicating that any income was derived directly from any predicate acts of extortion, mail fraud, wire fraud, or travel act violations.

This court concludes that plaintiffs' allegation that Tompkins and Tucker derived income

---

[1] Paragraph 236 begins on page 72 and ends on page 95 of the 126 page Second Amended Complaint [Document No. 302].

in the form or boat slip rentals and/or purchases because Tompkins and Tucker blocked the construction and completion of plaintiffs' proposed marina and therefore stifled proposed future competition is too speculative to support a § 1962(a) claim. *In re Burzynski*, 989 F.2d 733, 744 (5th Cir. 1993). Although § 1962(a) does not require a plaintiff to trace the course of each penny of illicit income, plaintiffs have not sufficiently alleged the existence of a penny of such income. Plaintiffs' allegation of income to Breakers from Tompkins and Tucker, who in turn allegedly derived income in the form of boat slip rentals as a result of their stifling of proposed future competition, is even further attenuated and is also legally insufficient to support a section 1962(a) claim.

As set forth above, a plaintiff seeking civil damages for a violation of section 1962(a) must plead facts tending to show that he was injured by the use or investment of racketeering income. Injury from the racketeering acts themselves is not sufficient because section 1962(a) does not prohibit those acts. *Grider v. Texas Oil & Gas Corp.*, 868 F.2d 1147, 1149 (10th Cir. 1989). Instead, any injury must flow from the use or investment of racketeering income. *Nolen v. Nucentrix Broadband Networks, Inc.*, 293 F.3d 926, 929 (5th Cir. 2002). Plaintiffs must show that they suffered an injury flowing from this investment distinct from any injury stemming from the original predicate acts of racketeering activity. *Lugosh v. Congel*, 443 F. Supp. 2d 254, 270 (N.D.N.Y. 2006).

In ¶ 241(e) of the Amendment to Second Amended Complaint, plaintiffs allege they were injured by Tompkins' and Tucker's investment in the Monkey Island Development Authority ("MIDA") as follows:

(i) Paying directly or indirectly David Crutchfield for legal representation of MIDA and/or other entities which provided a basis for Crutchfield to provide free or

4

        reduced legal services to MIDA.

(ii)      Paying directly or indirectly certain litigation costs, including expert witness fees for experts named Mumphrey, Kitchens and Hynes.

(iii)     Providing a $25,000 loan, by and through Breakers, LLC to MIDA which was used, in substantial part, for payment of attorney fees.

In ¶ 241(h) of the Amendment to Second Amended Complaint, plaintiffs allege they were injured by the Breakers, LLC investment in MIDA as follows:

(i)       Such use and investment allowed MIDA to conduct various legal proceedings and other actions which continued to block plaintiff's development rights and caused plaintiffs to lose profits arising from, inter alia, the operation of the planned marina.

(ii)      Such use and investment allowed MIDA to conduct various legal proceedings which caused plaintiffs to incure legal fees and expenses.

(iii)     Such use and investment caused MIDA to file of record certain provisions of the terms of the aforementioned loan which caused a cloud on plaintiffs' rights and title and reduced the value of plaintiff's property.

[Docket No. 318 at 7]. In the Second Amended Complaint, plaintiffs allege that the predicate acts of racketeering activity include the use of a $25,000 loan in March of 2002 from Breakers, LLC to MIDA[2] to pay attorney fees and that the MIDA board, in conspiracy with the movants, thereafter took various actions to block plaintiffs' property development rights and to "obtain plaintiff's property through fear and color of law." *See, e.g.*, ¶¶ 236(c)(41)-(80), Second Amended Complaint [Docket No. 302]. Plaintiffs further allege that, upon making the $25,000 loan to MIDA, Tompkins, Tucker and Breakers, LLC received from MIDA a note and an option to lease certain property, that

---

[2] Loaning money to an enterprise is typically not a sufficient basis for liability under § 1962(a). *In re Sunpoint Securities, Inc.*, 350 B.R. 741, 747 (Bkrtcy. E.D. Tex. 2006). Were the section 1962(a) claim to survive the motion to dismiss, the issue on summary adjudication would likely turn on whether a genuine issue of material fact exists that the enterprise to which the money was lent (MIDA) was controlled by defendants.

the option gave movants the right to convert the note to a lease of property over which plaintiff had the exclusive rights to develop, and that defendants Tompkins, Tucker and Breakers held the note secured by airport land. *See* ¶¶ 236(c)(57) & (70), Second Amended Complaint. The alleged injuries to plaintiffs, both from the investment in MIDA and from the predicate acts of racketeering activity, center upon defendants' blocking, obtaining, and/or interfering with plaintiff's contractual rights to develop and operate the Grand Lake Regional Airport properties. In short, the injuries allegedly flowing from the use or investment of racketeering income are insufficiently distinct from injuries alleged from the original predicate acts.[3] Plaintiffs therefore fail to state a claim for relief under section 1962(a).

WHEREFORE, this Court concludes that plaintiffs have failed to state a claim for relief under section 1962(a) that is plausible on its face. The Motion of defendants Hal Tompkins, Glen Tucker and Breakers, LLC, to Dismiss Plaintiffs' 1962(a) Claims [Docket No. 335] is granted.

IT IS SO ORDERED this 28th day of December 2007.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

---

[3] Plaintiffs also fail to allege distinct injuries stemming from the investment in their RICO case statement. The sole injuries are alleged to be the "result of the pattern of racketeering."